UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02030 JVS (JCGx) | Date | January 25, 2016 |
| Title | Hector Lopez v. JPMorgan Chase Bank, N.A. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS)
**Order GRANTING Plaintiff's Motion to Remand and DENYING, as Moot, Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss.**

**The Court, having been informed by all parties in this action that they submit on the tentative ruling previously issued, hereby GRANTS the Plaintiff's Motion to Remand and DENIES, as Moot, Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss. The Court makes these rulings in accordance with the tentative ruling as follows:**

Before the Court are two motions:

First, Plaintiff Hector Lopez ("Lopez") filed a motion to remand this action to state court for lack of subject-matter jurisdiction. Docket No. 9. Defendant JPMorgan Chase Bank ("Chase") opposes the motion.[1] Docket No. 14. Lopez filed a reply. Docket No. 17.

---

[1] In support of its opposition, Chase requests judicial notice of four documents: (1) a Loan Modification Agreement dated November 11, 2009; (2) a letter denying Lopez's request for mortgage assistance dated October 23, 2015; (3) a letter from Lopez to Chase dated June 4, 2015; and (4) 2015-16 Secured Property Tax Bill from the Orange County Treasurer-Tax Collector. Docket No. 14-1 at 1-2. Under Federal Rule of Evidence 201, the Court may take judicial notice of matters that are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002); see Fed. R. Evid. 201(b). This includes "matters of public record" like the county tax bill identified in request (4). Lee, 250 F.3d at 688-89. Accordingly, the Court **grants** Chase's request for judicial notice as to document (4). Chase does not explain why documents (1)-(3) are appropriate for judicial notice under Federal Rule of Evidence 201(b), however. Accordingly, the Court **denies** Chase's request for judicial notice as documents (1)-(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02030 JVS (JCGx) | Date | January 25, 2016 |
| Title | Hector Lopez v. JPMorgan Chase Bank, N.A. | | |

Second, Chase filed a motion to dismiss Lopez's complaint for failure to state a claim. Docket No. 7. Lopez opposes the motion. Docket No. 11. Chase filed a reply. Docket No. 12.

For the following reasons, the Court **grants** Lopez's motion to remand for lack of subject-matter jurisdiction and **denies** as moot Chase's motion to dismiss.

**1.   Background**

In May 2007, Lopez borrowed $524,000 from Chase secured by a deed of trust to real property located at 1976 Anaheim Avenue, Costa Mesa, California, 92627 ("Property"). Docket No. 1-1 at 2-3. In early 2015, Lopez began experiencing financial hardship and submitted a loan modification application to Chase. Id. at 4. Lopez alleges that Chase failed to properly act on his loan modification application, for example, by failing to provide Lopez with a written acknowledgment of Chase's receipt of the loan modification application and failing to assign Lopez a "single point of contact" that was familiar with Lopez's loan file. Id. at 6.

On November 3, 2015, Lopez filed an action against Chase in Orange County Superior Court, alleging negligence, violation of California's Homeowner Bill of Rights, Cal. Civ. Code §§ 2924.10, 2923.7, 2923.6(f), and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., in connection with Chase's loan modification and mortgage loan servicing activities. Id. at 7-12. Lopez seeks, among other relief, a preliminary injunction, an unspecified amount of general and special damages, and attorney's fees and costs. Id. at 13.

On December 7, 2015, Chase removed the action to this Court under 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction. Docket No. 1 at 1. Lopez has now filed a motion to remand the action to Orange County Superior Court. Docket No. 9 at 1.

**2.   Legal Standard on Motion to Remand**

2.1.   Removal to federal court.

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if original jurisdiction would lie in federal court. City of Chicago v. Int'l College of Surgeons, 522 U.S. 56, 163 (1997). The removing party has the burden of showing removal was proper, i.e., there are grounds for federal jurisdiction and the removing party complied with all procedural requirements for removal. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The removing party may show that removal was proper by submitting summary-judgment-type evidence. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegations and speculative assertions are insufficient to meet

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02030 JVS (JCGx) | Date | January 25, 2016 |
| Title | Hector Lopez v. JPMorgan Chase Bank, N.A. | | |

this burden, however. See, e.g., Matheson, 319 F.3d at 1090-91; Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In any event, the Ninth Circuit has directed that courts must "strictly construe the removal statute against removal jurisdiction," and that "any doubt as to the right of removal" is resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    2.2.    Federal diversity jurisdiction.

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

*Complete diversity*. There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). For diversity purposes, a national association is a citizen of the state where its main office is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006).

*Amount in controversy*. To satisfy the amount in controversy requirement, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a). When, as here, it is not evident from the face of the complaint that the alleged damages exceed $75,000, a defendant must prove by a preponderance of the evidence that the jurisdictional threshold is met. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).

**3.    The Court lacks diversity jurisdiction over the action.**

    3.1.    There is complete diversity between the parties.

Lopez concedes that there is complete diversity between the parties. Docket No. 9 at 2. Accordingly, the first requirement for jurisdiction is met.

    3.2.    Chase has not met its burden that the amount in controversy exceeds $75,000.

When a plaintiff seeks injunctive relief, the amount in controversy is measured by the value of the object of the litigation. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (per curiam). Accordingly, when a plaintiff seeks an injunction prohibiting foreclosure of a property, the amount in controversy is measured by either the value of the property or the amount of the mortgage on the property. See Gonzales v. Wells Fargo Bank, N.A., 2014 WL 5465290, at *2 (N.D. Cal. Oct. 28, 2014). On the basis of this general rule, Chase argues that the amount in controversy is met here because Lopez seeks a temporary injunction under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02030 JVS (JCGx)                              Date   January 25, 2016

Title         Hector Lopez v. JPMorgan Chase Bank, N.A.

California's Homeowner Bill of Rights,[2] and both the value of the property (here, $525,987) and the amount of the mortgage loan (here, $524,000) exceed $75,000. Docket No. 14 at 1.

Chase is incorrect. Federal district courts recognize a narrow exception to the general rule governing the amount in controversy requirement for foreclosure actions: when there is no actual foreclosure pending, and the plaintiff seeks only to enjoin possible foreclosure proceedings, the value of the property or the loan is not the proper measure of the amount in controversy. Quiroga v. Bank of Am., N.A., 2015 WL 4747978, at *3 (C.D. Cal. Aug. 10, 2015); Vonderscher v. Green Tree Servicing, LLC, 2013 WL 1858431, at *3 (E.D. Cal. May 2, 2013) ("[T]he fact that Plaintiffs' complaint includes mention of foreclosure, and indeed seeks to enjoin a potential foreclosure, is not dispositive of whether the loan amount establishes the amount in controversy for purposes of diversity jurisdiction."); see also Vergara v. Wells Fargo Bank, N.A., 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) ("Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending a loan modification.").

Here, Lopez primarily seeks damages resulting from Chase's alleged improper loan modification and mortgage loan servicing activities. Moreover, no notice of default has been filed, there is no pending foreclosure, and Lopez seeks a preliminary injunction only to enjoin any possible foreclosure proceedings pending Chase's corrective action on his 2015 loan modification application. See Docket No. 1-1 at 9 (seeking "[i]njunctive relief for violation of CCC 2923.6, 2923.7 and 2924.10"). Accordingly, the value of the Property or the amount of Lopez's mortgage loan is not the proper measure of the amount in controversy in this case. Quiroga, 2015 WL 4747978, at *3 ("Plaintiff seeks to obtain a modification and recover damages resulting from [Defendant's] alleged improper actions regarding his attempts to obtain a modification. The value of the house, or the loan, is not the proper measure of the amount in controversy."). Because Chase has not otherwise shown that the amount in controversy exceeds $75,000, Chase has not sustained its burden of showing that the amount in controversy requirement has been met. Valdez, 372 F.3d at 1117. Accordingly, the Court lacks diversity jurisdiction over this action.

     3.3.    Lopez's Request for Attorney's Fees

Lopez requests attorney's fees incurred for filing the remand motion. Docket No. 9 at 10. "An order remanding [a] case may require payment of just costs and any actual expenses,

---

[2] The Homeowner Bill of Rights does not authorize permanent injunctive relief. Rather, the Homeowner Bill of Rights authorizes preliminary injunctive relief only until the defendant "show[s] that the material violation has been corrected and remedied." Cal. Civ. Code §§ 2924.12, 2924.19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-02030 JVS (JCGx)                     Date  January 25, 2016

Title    Hector Lopez v. JPMorgan Chase Bank, N.A.

including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Despite the Court's decision to remand the case to state court, Chase's reliance on the general rule governing the amount in controversy requirement in ordinary foreclosure actions was not objectively unreasonable. Accordingly, the Court denies Lopez's request for attorney's fees.

**4.     Conclusion**

For the reasons stated above, the Court **grants** Lopez's motion to remand for lack of subject-matter jurisdiction and **remands** the action to Orange County Superior Court. The Court **denies** as moot Chase's motion to dismiss.

IT IS SO ORDERED.

:     00

Initials of Preparer    kjt